UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


DEMETRIUS FREEMAN,

      Plaintiff,

v.                                            Case No. 5:03-cv-292-Oc-10GRJ

THOMAS MOFFITT, et al.,

      Defendants.

_____

## ORDER DISMISSING CASE

This case was initiated on August 5, 2003, by the filing of a Civil Rights Complaint under 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff is currently proceeding on a Third Amended Complaint.  (Doc. 34.)  In the Third Amended Complaint, the Plaintiff names correction officer Tina Thomas and Captain Thomas Moffitt, employees of the Sumter County Jail, as the Defendants.  Plaintiff alleges that the Defendants violated his right to due process and equal protection when Defendant Thomas verbally harassed him and Defendant Moffitt denied Plaintiff's grievances regarding the harassment.   As relief, Plaintiff seeks a declaratory judgment finding that the Defendants violated his constitutional rights, a belated investigation into the alleged verbal harassment, and compensatory damages in the amount of one million dollars for Plaintiff's emotional and mental stress.

In response to the Complaint, the Defendants filed a Motion to Dismiss on March 18, 2005.  (Doc. 41.)  In the motion, the Defendants move to have the Complaint dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a claim. Specifically, the Defendants argue that Plaintiff fails to set forth a cognizable claim because he seeks damages for an emotional or mental injury, but has not alleged or shown any evidence of a physical injury.

## Plaintiffs' Third Amended Complaint

On June 22, 2003, Plaintiff was conversing with Defendant Thomas, when she inexplicably and without provocation, made derogatory comments regarding Plaintiff's "lower, frontal extremity."   Complaint at 8.   Subsequently, Plaintiff requested that jail officials inform Defendant Thomas that such sexually explicit language was inappropriate.   Moreover, Plaintiff filed a grievance with the administration regarding Defendant Thomas' conduct.  Plaintiffs' grievance was denied by Defendant Moffitt without an investigation into the alleged incident.

After the denial of Plaintiff's grievance, Plaintiff alleges that Captain Moffitt directed staff to retaliate against him by moving him from the trustee dorm to the general population dorm, forcing him to scrub showers each night, and placing him in lock-down for no reason.  Plaintiffs' time in lock-down caused him to lose certain visitation privileges.  When requests for help were ignored by the Jail administration, Plaintiff filed this lawsuit.

In addition to Plaintiff's harassment claims, Plaintiff alleges that on September 29, 2003, he suffered a severe seizure and was taken to an outside hospital for examination and treatment.  Later that day, Plaintiff alleges that he was attacked by an officer and had to defend himself.  As a result, Plaintiff received a disciplinary report and was sentenced to five months lock-down.  However, after serving his disciplinary time, Plaintiff was not promptly released from lock-down.

Finally, Plaintiff alleges that during the pendency of this suit, Nurse Judy Robbins has failed to give him appropriate medications.

## Claims of the Complaint

Construing the Complaint liberally,[1] Plaintiff alleges that his constitutional rights were violated when:

(1) Officer Thomas verbally harassed him.

(2) Captain Moffitt failed to appropriately investigate Plaintiff's grievance regarding the harassment by Officer Thomas.

(3) Captain Moffitt directed other officers to take retaliatory measures against Plaintiff.

(4) Captain Moffitt directed that Plaintiff remain in "lock-down" past the service of his disciplinary sanctions.

(5) Nurse Robbins was deliberately indifferent to Plaintiff's serious medical needs when she failed to change Plaintiff's medication.

---

[1]  The Court must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

## Standard of Review

In any § 1983[2] case, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present.

> A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.[3]

In addition, for liability under 42 U.S.C. §1983, Plaintiff must allege an affirmative causal connection between the Defendants' conduct and the constitutional deprivation.[4]  Further, the allegations in the complaint must be detailed enough to notify the Defendants of the basis for the claims.[5]  The United States Court of Appeals for the Eleventh Circuit has noted that conclusory allegations do not state a § 1983 claim.  Id.  The complaint must have enough detail to give the Defendants and the Court the ability to "obtain a fair idea of what the plaintiff is complaining, and . . . see that there is some legal basis for recovery."[6]

---

[2]  Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .[or] suit in equity."  42 U.S.C. §1983.

[3]  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156-57, 98 S.Ct. 1729, 1733 (1978).

[4]  Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995).

[5]  L.S.T., Inc., v. Crow, 49 F.3d 679, 683-84 (11th Cir. 1995).

[6]  Id at 684.

In addition, individual-capacity suits under § 1983 "seek to impose personal liability upon a government official for actions he takes under color of state law."[7] Section 1983 by itself creates no substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred."[8]  Therefore, the first step in any § 1983 claim is "to isolate the precise constitutional violation with which [the defendant] is charged."[9]  Here, Plaintiff alleges that his rights under the First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution were violated.

Moreover, it is well settled that §1997e(e) of the Prison Litigation Reform Act (PLRA) bars a claim for compensatory damages for emotional distress while in custody.[10]  Section 1997e(e) reads:

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Accordingly, to the extent that Plaintiff seeks damages for mental and emotional distress, he must first show that he suffered a physical injury.

---

[7] Kentucky v. Graham, 473 U.S.C. 159, 165, 105 S.Ct. 3099, 3105 (1985).

[8] Graham v. Connor, 490 U.S. 386, 393, 109 S.Ct. 1865, 1870 (1989).

[9] Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692 (1979).

[10] See Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002).

## Defendant Thomas

Claims of verbal harassment are not cognizable under § 1983.[11]  Because Plaintiff's claim against Officer Thomas amounts to nothing more than verbal harassment, Plaintiff has failed to state a claim for relief against that Defendant. Accordingly, Defendant Thomas is dismissed from this case.

## Defendant Moffitt

The bulk of Plaintiff's claims center on the conduct of Defendant Moffitt.  Thus, the Court will address each claim in turn.

### Failure to Investigate

To the extent that Plaintiff is dissatisfied with the way in which Defendant Moffitt conducted the review of Plaintiff's grievance against Officer Thomas, Plaintiff is clearly alleging a claim against Defendant Moffitt in his official capacity.  Claims against a state official acting in his official capacity are deemed to be claims against the state.[12]  Although § 1983 provides a forum to remedy many civil rights violations, it does not provide a forum to remedy alleged civil rights violations against a State.[13] Such suits are barred by the Eleventh Amendment unless a state has waived its

---

[11] See Shiflet v. Cornell, 933 F.Supp 1549, 1556 (M.D.Fla. Jul 10, 1996) (citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir 1983) and Johnson v. Glick, 481 F.2d 1028, 1028 n.7 (2nd Cir. 1973)).

[12] Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989) (state officers acting in their official capacities cannot be sued for damages).

[13] Id at 66.

sovereign immunity.  Id.  Accordingly, this claim is barred by the doctrine of sovereign immunity.

Retaliation

In this claim, Plaintiff alleges that after he filed an administrative grievance against Officer Thomas, Defendant Moffitt directed other jail employees to retaliate against him.[14]  Specifically,  Plaintiff alleges that he was removed from the trustee dorm and placed back in the general population dorm, that he was forced to scrub showers, that he was placed in "lock-down" for no reason, and that he was otherwise provoked and harassed.

It is clear that the First Amendment forbids retaliation against a prisoner for exercising his right to free speech.[15]  Moreover, the premise of a retaliation claim under the first amendment is that a prisoner is penalized for exercising his right to free speech.[16]  The prisoner is not required to allege that the penalty is a separate and distinct constitutional violation.  Id.  In order to sustain an action for retaliation, the Plaintiff must show that (1) he engaged in protected conduct (2) for which an adverse action was taken against him and (3) that there is a causal connection between the protected conduct and the adverse action.[17]  Moreover, simply alleging

---

[14] Plaintiff does not name the individual employees who actually participated in the alleged retaliation.

[15] Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989).

[16] Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).

[17] Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999); see also Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989) (stating that an inmate can prove a retaliation claim if he "is able to establish that his discipline was the result of having filed a grievance

retaliation is insufficient to sustain a cause of action.  Plaintiff must demonstrate that the action taken would deter a person of ordinary firmness from engaging in the protected conduct, and that the adverse action was motivated, at least in part, by the protected conduct.  Thaddeus-X at 394-400.

In this case, even assuming that Plaintiff was engaged in protected conduct, and that an adverse action was taken against him, Plaintiff has failed to show the necessary nexus between the elements.  In a civil rights case, vague and conclusory allegations are insufficient to state a claim for which relief can be granted.[18] Accordingly, this claim is due to be dismissed.

Plaintiff's Prolonged Stay in "Lock-Down"

In this claim, Plaintiff states that as a result of a disciplinary report, he served five (5) months of disciplinary segregation.  However, at the end of his disciplinary confinement, Defendant Moffitt directed staff to leave Plaintiff in "lock-down." Plaintiff alleges that he remained in "lock-down" for a period of three (3) months past the expiration of his disciplinary time.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  In this instance, Plaintiff merely alleges that his stay in "lock-down" was cruel and improper.  As this Court has

_____

concerning the conditions of his confinement").

[18] Fullman v. Graddick, 739 F.2d 553 (11th Cir. 1984).

- 8 -

already noted in this Order, allegations in a complaint must be detailed enough to notify the Defendants of the basis of the claims.  Despite the fact that Plaintiff was given three opportunities to properly plead his claims,[19] Plaintiff provides absolutely no basis for this claim.  Accordingly, this claim is due to be dismissed for the failure to state a claim.

### Nurse Robbins

Although Plaintiff does not specifically name Nurse Robbins as a Defendant in this case, and Nurse Robbins has therefore, never been properly served process, the Court nonetheless finds that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs.  The basis of Plaintiff's claim is that Nurse Robbins failed to prescribe him the appropriate medication.  However, Plaintiff does not allege what his medical condition was, let alone that it was serious.  Moreover, Plaintiff's claim amounts to nothing more than a difference of opinion between himself and Nurse Robbins as to the  proper course of treatment.  However, a difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis and treatment does not support a claim of cruel and unusual punishment.[20]  Accordingly, Plaintiff has failed to state a claim under the Eighth Amendment and that claim is due to be dismissed.

---

[19] Plaintiff is proceeding on a Third Amended Complaint.

[20] See Harris v. Thigpen, 941 F.2d 1495, 1504-1505 (11th Cir. 1991).

## Compensatory Damages for Mental Distress

Upon due consideration of the Third Amended Complaint (Doc. 34), and the Plaintiff's Response to the Defendants' Motion to Dismiss (Doc. 43), the Court finds that the Plaintiff is not entitled to compensatory damages for mental distress because he has failed to show a physical injury.

## Conclusion

For the reasons set forth in this Order, it is hereby ORDERED and ADJUDGED:

(1) The Defendants' Motion to Dismiss Plaintiff's claim for compensatory damages for mental distress (Doc. 41) is **GRANTED**.[21]

(2) Plaintiffs' claims of harassment, retaliation, cruel and unusual punishment and deliberate indifference to serious medical needs are **DISMISSED for the failure to state a claim**.  As such, Plaintiff is not entitled to declaratory relief.

---

[21] The Court notes that the Defendants response in this case was wholly inadequate.  Although the Court agrees that Plaintiff's claim for money damages for emotional injury is precluded by § 1997e(e), the Defendants completely failed to address the Plaintiff's claim for declaratory relief.  See Harris v. Garner, 216 F.190 F.3d F.3d 1279, 1288 (11th Cir. 1999), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) (while section 1997e(e) precludes some actions for money damages, it does not thwart actions for declaratory and injunctive relief).

(3) The **Clerk** is directed to enter judgment dismissing this case and close the

file.

**DONE AND ORDERED** at Ocala, Florida, this 22nd day of November 2005.


UNITED STATES DISTRICT JUDGE

c:   Demetrius Freeman
     Counsel of Record